# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Yamika Arias, et al., | Case No. 2:25-cv-00299-GMN-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Life Time, Inc., | |
| Defendants. | |

Before the Court is Defendant Life Time's Motion to Stay Discovery. ECF No. 15. Plaintiffs opposed (ECF No. 19), and Defendant replied (ECF No. 20). The parties are familiar with the arguments presented. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order.

## I.    Procedural Background

Ms. Arias and Mr. Hamlett brought this action individually, and on behalf of their son, against Life Time based on alleged racially discriminatory conduct one of its employees engaged in while working at the gym's summer camp. In turn, Plaintiffs asserted the following causes of action: (1) Intentional Infliction of Emotional Distress, (2) Negligent Infliction of Emotional Distress, (3) Breach of Contract, (4) Breach of the Implied Covenant of Good Faith and Fair Dealing, (5) Violation of 42 U.S.C. § 1981, and (6) Negligent Training/Supervision. Life Time has filed a Motion to Compel Arbitration (ECF No. 18), which is currently pending. In turn, Life Time seeks to stay discovery pending the decision of the Motion to Compel Arbitration.

## II.    Motion to Stay Discovery

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

This Court believes a more workable analytical framework exists for determining when motions to stay should be granted. As a result, the test this Court applies considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is

more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

### III. Analysis

At the outset, the Court notes Plaintiffs do not argue that the pending dispositive motion requires discovery for its resolution.

Next, the Court finds good cause exists to stay discovery. As argued by the Defendant, "[i]f the Court upholds the arbitration agreement, not only will Plaintiff[s] be required to arbitrate [their] claims against Defendant[], but the discovery that will be allowed in such proceedings will be significantly restricted in comparison to the discovery that is permitted in a civil action governed by the Federal Rules of Civil Procedure." *Shaughnessy v. Credit Acceptance Corp. of Nev.*, 2007 WL 9728688, at *3 (D. Nev. Nov. 28, 2007). Although Plaintiffs correctly point out that the discovery sought in this Court may mirror that requested during arbitration, they fail to address the significantly narrower scope of discovery permitted in arbitration proceedings. Thus, moving forward with discovery at this juncture would result in the potentially wasteful use of resources by both the parties and the Court. Not surprisingly, courts frequently stay discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

And while, as explained above, the Court does not typically utilize the preliminary peek test to determine whether a stay of discovery would be proper, an application of such test here would also lead to the granting of a stay. First, the Court believes that the "personal injury" exemption in the arbitration clause is not applicable here given the agreement's definition of "personal injury." Moreover, the Court believes the agreement is enforceable as to the minor and Ms. Arias even if they were not signatories to the agreement. While it is true that *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 189 P.3d 656, 660 (Nev. 2008) confirms that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," it

also supports the inference that arbitration may be compelled for parties who were "intended by the original contract," such as the minor and Ms. Arias. *El Jen Med. Hosp., Inc. v. Tyler*, 535 P.3d 660 (2023) ("nonsignatories to an agreement subject to the FAA may be bound to an arbitration clause when rules of law or equity would bind them to the contract generally.").[1]

Lastly, should the motion to compel arbitration be denied, this Court would continue discovery deadlines so that the parties can conduct meaningful discovery. This should assuage Plaintiffs' concerns regarding the prejudice they believe would stem from the instant stay.

In short, and in line with Rule 1, the Court finds it is more just to delay discovery while the motion to compel arbitration is pending to accomplish the inexpensive determination of the case.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are to file a joint proposed discovery plan and scheduling order within 14 days after the motion to compel arbitration is decided (if applicable).

DATED this 30th day of April 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does not argue unconscionability in the context of the preliminary peak test in its opposition to the Motion to Stay Discovery. Nevertheless, the Court agrees with Defendants' arguments (in the reply to the motion to dismiss, ECF No. 11 at 6–7) supporting the proposition that the clause is not procedurally or substantively unconscionable.